## NATIONAL HOLDING CO. v. ORAM et.

Ohio Appeals, 9th Dist., Summit Co.

No. 1437. Decided June 1, 1928.

### First Publication of This Opinion.

Syllabus by The Court.

**419. DOWER—615. Husband and Wife. 708. Leases—997. Real Estate.**

1. If a husband's estate is dependent upon a condition subsequent, a breach of the condition which operates to terminate his estate, operates also to terminate the inchoate right of dower of his wife.

2. Where a husband's estate as lessee, under a 99 year lease, renewable forever, is subject to forfeiture by reason of his failure to comply with the terms of the lease, and he agrees to a forfeiture of his estate and surrenders the same in consideration of being relieved of the burdens of the lease, and the transaction is free from fraud or collusion, his wife's inchoate right of dower in said estate is thereby terminated.

Appeal from Common Pleas.
Decree for plaintiff.

Slabaugh, Seiberling, Huber & Guinther, Akron, for Holding Co.

Carson, Moore & Howes, Akron, for Oram et.

### FULL TEXT.

WASHBURN, P. J.

The plaintiff leased certain premises to Samuel Oram for a term of ninety-nine years, renewable forever, and delivered possession to said lessee.

Said estate was granted upon condition that if said lessee failed to comply with the terms of said lease, it should become void and of no effect and the estate granted thereby should be forfeited to the lessor, at the option of the lessor.

Upon the vesting of the estate created by said lease, the wife of Samuel Oram acquired an inchoate right of dower therein. **Ralston v. Ralston,** 112 OS. 306.

Samuel Oram's estate of inheritance thus created being held upon condition, by the hap-

pening of which the estate might be terminated, his wife's dower also depended upon said condition, and a forfeiture of the estate of the husband by the happening of the condition would terminate the wife's right of dower.

Beardslee v. Beardslee, 5 Barbour 324.

Soon after the execution of said lease and the taking possession of the premises by Samuel Oram, he discovered that the terms of said lease cast a very onerous burden upon him and that it would be greatly to his advantage to have said lease canceled; and he accordingly notified the plaintiff that he would not and could not comply with the terms of the lease and offered to pay a certain sum to be relieved from the obligations of the same.

After he was in default he waived the doing of the things necessary to declare a forfeiture and surrendered the lease by assigning the same to plaintiff and paid to plaintiff a substantial sum to induce plaintiff to accept said assignment and relieve him from further liability on said lease.

All the parties acted in the utmost good faith, and the transaction was greatly to the advantage of Samuel Oram and was in no sense a fraud upon his wife, but by oversight she was not asked to sign the assignment to plaintiff by which the lease was surrendered.

Later the wife refused to clear the title of plaintiff of any claim she might have, and this suit was begun to quiet plaintiff's title, and the wife answered claiming an inchoate right of dower.

It is conceded that if plaintiff had formally exercised its right and forfeited Samuel Oram's estate in accordance with the terms of the lease, the wife's right of dower would have been terminated, and we hold that where the transaction is in good faith and there is no fraud practiced upon the wife, the same result may be accomplished by the surrender of the lease after condition broken, as was done in this case.

Sullivan v. Sullivan, 22 L. R. A. (N.S.) 691.

A part interest in said lease was assigned by Samuel Oram to I. M. Jaffe, and the latter for like reasons joined in the assignment to plaintiff, and under like circumstances his wife failed to sign said assignment. She is also a party defendant, and a decree may be drawn in favor of plaintiff and against both wives.

(Funk, J., and Pardee, J., concur.)